

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00047-CV

_____

LOWELL MERRITT, Appellant

V.

JAMES ANDREWS, Appellee

On Appeal from the 170th District Court
McLennan County, Texas
Trial Court No. 2015-2602-4

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Lowell Merritt has attempted to appeal from an order entered by the 170th Judicial District Court of McLennan County[1] dismissing his lawsuit.

A bit of background is necessary to an understanding of the issues raised by this appeal. On October 9, 2009, Merritt (1) was declared a vexatious litigant by the 380th Judicial District Court of Collin County, Texas, with respect to certain parties, including James Andrews, and (2) was subjected to a prefiling order under Section 11.101 of the Texas Civil Practice and Remedies Code with respect to any litigation filed against those certain parties, again, including Andrews.[2] As the style of the case at issue suggests, Merritt filed a lawsuit against Andrews in McLennan County. As a result of the October 2009 Collin County vexatious litigant order, Merritt was required to obtain permission from the local administrative law judge of McLennan County prior to filing suit against Andrews.[3]

---

[1]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]*See* TEX CIV. PRAC. AND REM. CODE ANN. § 11.101 (West Supp. 2014); List of Vexatious Litigants Subject to a Prefiling Order, TEXAS JUDICIAL BRANCH, http://www.txcourts.gov/judicial-data/vexatious-litigants.aspx (last visited Sept. 16, 2015); Order Granting Defendant's Motion for Sanctions, *Lowell Merritt v. Robert J. Davis*, No. 380-1387-2009 (380th Jud. Dist. Ct. Collin Cnty. Sept. 17, 2009), *available at* http://www.txcourts.gov/All_Archived_ Documents/JudicialInformation/oca/pdf/vex/LowellMerrittAmended.pdf. We take judicial notice of both the List of Vexatious Litigants Subject to a Prefiling Order and the 380th Judicial District Court of Collin County's order declaring Merritt a vexatious litigant.

[3]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a) (West Supp. 2014); Order Granting Defendant's Motion for Sanctions, *Lowell Merritt v. Robert J. Davis*, No. 380-1387-2009 (380th Jud. Dist. Ct. Collin Cnty. Sept. 17, 2009), *available at* http://www.txcourts.gov/All_Archived_Documents/JudicialInformation/oca/pdf/vex/LowellMerritt Amended.pdf.

Merritt failed to obtain permission from the McLennan County administrative law judge prior to filing suit. Technically, under Section 11.103(a) of the Texas Civil Practice and Remedies Code, the McLennan County District Clerk should not have filed Merritt's lawsuit in the first place without proof that Merritt had obtained the required permission to file it.[4] We note, however, that it would be incredibly difficult for the trial court clerks of this State to police vexatious litigant filings on the front end, and it appears that the Texas Legislature recognized this reality as well as evidenced by Section 11.1035 of the Texas Civil Practice and Remedies Code, which sets forth a procedure for handling mistaken filings.[5]

After following the procedures outlined by Section 11.1035, the trial court,[6] acting in its role as administrative law judge, refused to retroactively grant Merritt permission to file his lawsuit against Andrews and, acting in its role as the judge presiding over this matter, dismissed the lawsuit in accordance with Section 11.1035(b).[7] Merritt filed a notice of appeal from the trial court's order of dismissal.

Section 11.1035(c) of the Texas Civil Practice and Remedies Code states, "An order dismissing litigation that was mistakenly filed by a clerk may not be appealed."[8] By letter dated September 2, 2015, we informed Merritt of this statute and advised him that our jurisdiction is

---

[4]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a) (West Supp. 2014).

[5]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035 (West Supp. 2014).

[6]Judge Ralph T. Strother is the McLennan County Administrative Law Judge, and he presided over this case as the trial judge as well.

[7]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b).

[8]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(c).

constitutional and statutory in nature.[9]  We further afforded Merritt the opportunity to demonstrate grounds for continuing the appeal in light of the Texas Legislature's unequivocal statement that we are without jurisdiction to decide the matter.  Merritt responded, but his response failed to establish how we have jurisdiction over this appeal.

Consequently, we dismiss the appeal for want of jurisdiction.


Ralph K. Burgess
Justice

Date Submitted:     September 23, 2015
Date Decided:       September 24, 2015

---

[9]*See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (West 2004).

4